IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTINE DERENICK, | : | No.: 3:15-cv-01059 |
|     Plaintiff, | : | |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| KOHL'S DEPARTMENT STORE, INC., | : | |
|     Defendant/Third-Party Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| MERIT SERVICE SOLUTIONS, LLC, | : | |
|     Third-Party Defendant. | : | |

## MEMORANDUM

This diversity action is brought by Christine Derenick against Kohl's Department Stores, Inc. ("Kohl's"). Kohl's filed a third-party complaint against Merit Service Solutions, LLC ("Merit").

The action arises out of the plaintiff's fall on a pothole in the parking lot of Kohl's premises in Wilkes-Barre, Pennsylvania, on October 3, 2014. The plaintiff filed her complaint in the Court of Common Pleas of Luzerne County on November 19, 2014, titled <u>Christine Derenick v. Kohl's Department Stores, Inc.</u>, No. 2014-12869. On May 29, 2015, Kohl's removed this matter to this court. (Doc. 1). Jurisdiction is conferred upon

us under 28 U.S.C. §1332. On January 15, 2016, Kohl's filed a motion for leave to file a third-party complaint against Merit. (Doc. 16). On February 26, 2016, we granted Kohl's motion for leave to file the third party complaint against Merit. (Doc. 19). Thereafter, on February 29, 2016, Kohl's filed the third-party complaint against Merit (Doc. 20).

Before the court is Merit's motion to dismiss the third-party complaint pursuant to Fed. R. Civ. P. 12(b)(6). (Doc. 30). Merit's motion to dismiss is based upon the contractual relationship between Kohl's and Merit. The motion has been fully briefed by Kohl's and Merit and is now ripe for disposition.[1]

For the reasons set forth below, we will deny the motion.

I. Background

In her complaint, the plaintiff has alleged that she was a business invitee of Kohl's and as she left the store, she walked through a poorly lit parking lot and tripped over a pothole causing her to sustain serious bodily injuries. (Doc. 20-3 ¶¶3-6). In its third-party complaint, Kohl's has alleged that it contracted with Merit for common area and parking lot

---

[1] The plaintiff has not filed a brief for or against the motion to dismiss.

maintenance at the subject Kohl's retail location. Under the contractual relationship between Kohl's and Merit, Kohl's has alleged that Merit was to indemnify and defend Kohl's for any occurrence due to Merit's negligent acts or omissions at the subject Kohl's store. (Doc. 20 ¶ 11). Kohl's has further alleged that the plaintiff's lawsuit against Kohl's alleges negligence arising from the parking lot conditions which was within the scope of Merit's contractual responsibilities under the contract. (Doc. 20 ¶¶5, 6). Kohl's third-party complaint consists of two counts: (1) a breach of contract count; and (2) a contribution and indemnification count. In its motion to dismiss (Doc. 30), Merit maintains that as a matter of law, there are no provisions in the contract with Kohl's suggesting an affirmative duty to make repairs to the subject parking lot and there is no basis for contribution or indemnification as there was no affirmative duty by Merit to perform any maintenance with regard to the pothole repairs without a direct request by Kohl's.

III. <u>Legal Standards</u>

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief is granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to

3

dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." Warren Gen. Hosp. v. Amgen, Inc., 643 F.3d 77, 84 (3d Cir. 2011) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)). Although the Court must accept the fact allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." Morrow v. Balaski, 719 F.3d 160, 165 (3d Cir. 2013) (quoting Baraka v. McGreevey, 481 F.3d 187, 195 (3d Cir. 2007)). Further, "a court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993); In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 368 n.9 (3d Cir. 1993). However, documents attached to a motion to dismiss may only be considered if they are referred to in the plaintiff's complaint and if they are central to the plaintiff's claims. Pryor v. Nat'l Collegiate Athletic Ass'n, 228 F.3d 548, 560 (3d Cir. 2002); Ciolli v. Iravani, 625 F. Supp. 2d 276, 284 (E.D. Pa. 2009).

Under Rule12(b)(6), the defendant has the burden of showing that no claim has been stated. Kehr Packages, Inc. v. Fidelcor, Inc., 926 F.2d 1406, 1409 (3d Cir. 1991); Johnsrud v. Carter, 620 F.2d 29, 32-33 (3d Cir. 1980); Holocheck v. Luzerne County Head Start, Inc., 385 F. Supp. 2d 491, 495 (M.D. Pa. 2005).  In deciding the motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." Tellab, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

III. Discussion

To prove a breach of contract claim under Pennsylvania law, a plaintiff must demonstrate (1) the existence of a contract, including its essential terms, (2) a breach of a duty imposed by the contract, and (3) resultant damages. Ware v. Rodale Press, Inc., 322 F. 3d 218, 225 (3d Cir. 2003).

With these elements in mind, we must review Merit's claim for breach of contract against Kohl's. Kohl's maintains that its relationship with Merit is governed by a contract for common area and parking lot maintenance as well as a purchase order for goods and services at the

Kohl's location in Wilkes-Barre. (Doc. 20 ¶¶ 3,4). Further, Kohl's references the plaintiff's complaint— —specifically her allegations of negligence regarding the parking lot conditions— —which it alleges that it falls within the ambit of Merit's contractual responsibilities. (Id. ¶6). A review of the attachments to the third-party complaint reflects that the parties entered into a contractual arrangement on or about April 4, 2012. (Doc. 20-1, at 2). According to the contract maintenance specification, the term of the contract ran from May 1, 2012 through April 20, 2015. (Id. at 8). The scope of the contract as set forth in the specification included snow removal, landscaping, and sweeping. (Id.). Also, under the specification, Merit was required to repair or replace, at its expense, any damaged or destroyed property as a result of Merit's operations at the site. (Id.).

In addition, the alleged contract documents also included a purchase order. (Doc. 20-2). In its opposition papers, Kohl's has alleged that Merit performed parking lot repairs, including pothole repair, before the date of the plaintiff's fall. (Doc. 35, at 3, 4, 15-18). The documents attached to Kohl's opposition papers as exhibits and titled "Kohls Proposal" demonstrate that the parties appeared to have contracted for pothole repair before the subject incident. (Id.).

Merit's motion papers only address the contribution/indemnification count. (Doc. 31). In its motion, Merit maintains that it had no duty to perform pothole repairs without a direct request from Kohl's. (Id. at 4-5). That may be true; however, in the third-party complaint, Kohl's has alleged that Merit was contractually obligated to perform pothole repairs. As we must accept as true all well-pleaded allegations in the third-party complaint and view them in the light most favorable to Kohl's, we must deny the motion to dismiss.

An appropriate order follows.

*s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge

Dated: October 26, 2016